# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**PHILLIP DALE CLAYTON**                                                           **PLAINTIFF**

**VERSUS**                             **CIVIL ACTION NO. 2:08-cv-259-KS-MTP**

**CECILIA ARNOLD, et al.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Jones County Jail, Ellisville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On December 2, 2008, two orders were entered in this action. One order directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The other order directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff has failed to comply with both of the orders. The Plaintiff was warned in these court orders that failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

The envelope [5] containing the December 2, 2008 orders [3, 4] was returned to this Court on January 12, 2009, by the postal service with the notation "return to sender - no longer here at this location." The Plaintiff was warned previously by this Court in the notice of assignment as well as the orders [3,4] entered December 2, 2008, that his failure to keep this Court informed of his current address or his failure to timely comply with a court order could result in the dismissal of this case.

Out of an abundance of caution, on January 28, 2009, an order [6] was entered directing the

Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's orders [3,4] of December 2, 2008. The Order [6] also warned the Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with a court order would result in the dismissal of this case. On February 4, 2009, the envelope [7] containing the January 28, 2009 order [6] was returned to this Court by the postal service with the notation "return to sender - refused - unable to forward."

According to the court record, the Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with three court orders. It is apparent from the Plaintiff's failure to communicate with this Court concerning his change of address that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since December 1, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have not been called on to respond to the Plaintiff's pleading, and the Court has not

considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.

*See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

       **IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

       THIS, the 5th day of March, 2009.

                                             *s/ Keith Starrett*
                                     UNITED STATES DISTRICT JUDGE